In re:                                                              Case No. 20-01582-HWV
Shelli Rae Gordon                                                   Chapter 13
            Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1          User: AutoDocke          Page 1 of 2          Date Rcvd: Aug 04, 2020
                              Form ID: pdf002          Total Noticed: 28

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 06, 2020.
db             +Shelli Rae Gordon,    3711 Harold Place,    Greencastle, PA 17225-8364
5336624         Capital One, N.A.,   c/o Becket and Lee LLP,    PO Box 3001,   Malvern PA 19355-0701
5329149        +Kohls/Capital One,    P O Box 3043,   Milwaukee, WI 53201-3043
5342550        +Medallion Bank,   c/o Systems & Services Technologies, Inc,    PO Box 9013,
                Addison, Texas 75001-9013
5329151        +PNC Bank,   P O Box 3429,    Pittsburgh, PA 15230-3429
5340279        +PNC Bank, N.A.,    PO Box 94982,   Cleveland, OH 44101-4982
5342151        +Quicken Loans, LLC,    635 Woodward Avenue,   Detroit, MI 48226-3408
5329153         Robinwood Diagnostic Imaging,    C/O CVC/Valley Credit Svc,    P O Box 1070,
                Hagerstown, MD 21741
5329156        +SST/Medallion,    4315 Pickett Rd,    Saint Joseph, MO 64503-1600
5329155        +Skylar Law,   1200 Laural Oak Rd,    Voorhees, NJ 08043-4323
5329159        +Valley Credit Service,    12803 Oak Hill Ave,   Hagerstown, MD 21742-2919
5329160        +West Virginia University Hospital,    1200 Laurel Oak Road,    Voorhees, NJ 08043-4323

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 04 2020 20:35:26
                PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
5331018         E-mail/Text: Andrew.Sklar@txitrustee.com Aug 04 2020 20:29:28     ANDREW SKLAR,    SKLAR LAW LLC,
                1200 LAUREL OAK ROAD,    SUITE 102,   VOORHEES, NJ 08043
5329145        +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Aug 04 2020 20:29:49     Comenity Bank,
                PO Box 182789,    Columbus, OH 43218-2789
5329146        +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Aug 04 2020 20:29:49     Comenity Capital,
                PO Box 182120,    Columbus, OH 43218-2120
5329147        +E-mail/PDF: pa_dc_ed@navient.com Aug 04 2020 20:34:03     Dept of Education/Navient,
                P O Box 9635,    Wilkes Barre, PA 18773-9635
5329148         E-mail/Text: bk@freedomfinancialnetwork.com Aug 04 2020 20:29:15     Freedom Plus,
                1875 South Grant Street,    Ste 400,   San Mateo, CA 94402
5329149        +E-mail/Text: PBNCNotifications@peritusservices.com Aug 04 2020 20:29:29     Kohls/Capital One,
                P O Box 3043,   Milwaukee, WI 53201-3043
5347217         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 04 2020 20:35:26
                Portfolio Recovery Associates, LLC,    POB 12914,   Norfolk VA 23541
5329150        +E-mail/Text: bankruptcy@patriotfcu.org Aug 04 2020 20:30:25     Patriot FCU,   P O Box 778,
                800 Wayne Ave,    Chambersburg, PA 17201-3810
5336735        +E-mail/Text: bankruptcy@patriotfcu.org Aug 04 2020 20:30:25     Patriot Federal Credit Union,
                PO Box 778,   Chambersburg, PA 17201-0778
5340101         E-mail/Text: bnc-quantum@quantum3group.com Aug 04 2020 20:30:06
                Quantum3 Group LLC as agent for,    MOMA Trust LLC,   PO Box 788,   Kirkland, WA 98083-0788
5345604         E-mail/Text: bnc-quantum@quantum3group.com Aug 04 2020 20:30:05
                Quantum3 Group LLC as agent for,   Comenity Bank,    PO Box 788,   Kirkland, WA 98083-0788
5329152        +E-mail/Text: bankruptcyteam@quickenloans.com Aug 04 2020 20:30:35     Quicken Loans,
                1050 Woodward Ave,   Detroit, MI 48226-1906
5329157        +E-mail/PDF: gecsedi@recoverycorp.com Aug 04 2020 20:34:30     SYNCB JCPenneys,
                4125 Windward Plaza,    Alpharetta, GA 30005-8738
5329158        +E-mail/PDF: gecsedi@recoverycorp.com Aug 04 2020 20:34:31     SYNCB/Lowes,   P O Box 103104,
                Roswell, GA 30076-9104
5329154        +E-mail/Text: bankruptcy@bbandt.com Aug 04 2020 20:30:09     Sheffield Financial,   P O Box 1847,
                Wilson, NC 27894-1847
5329355        +E-mail/PDF: gecsedi@recoverycorp.com Aug 04 2020 20:35:16     Synchrony Bank,
                c/o PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                    TOTAL: 17

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5329999*        Sheffield Financial,    PO Box 1847,   Wilson, NC 27894-1847
                                                                          TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 06, 2020                    Signature:   /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 4, 2020 at the address(es) listed below:
          Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
          James Warmbrodt    on behalf of Creditor   Quicken Loans, LLC bkgroup@kmllawgroup.com
          Keri P Ebeck    on behalf of Creditor   Systems & Services Technologies, Inc. as Servicer for
          American Investment Financial kebeck@bernsteinlaw.com,   jbluemle@bernsteinlaw.com
          Michael John Csonka    on behalf of Debtor 1 Shelli Rae Gordon office@csonkalaw.com,
          kwhitsel@csonkalaw.com;r48114@notify.bestcase.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov

                                                                    TOTAL: 5

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:                                              CHAPTER 13
**Shelli Rae Gordon**                               CASE NO.    **1:20-bk-01582**

        ■ ORIGINAL PLAN
        ____ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
        ☐ Number of Motions to Avoid Liens
        ☐ Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ■ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ■ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ■ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1.      **PLAN FUNDING AND LENGTH OF PLAN.**

     A.      **Plan Payments From Future Income**

       1. To date, the Debtor paid $__ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**60,000.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 1 | 60 | 1,000.00 | 0.00 | 1,000.00 | 60,000.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $60,000.00 |

       2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☐ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

■ Debtor is over median income. Debtor estimates that a minimum of $**0.00** must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B.** **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

■ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

_____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

_____

**2.** **SECURED CLAIMS.**

**A.** **Pre-Confirmation Distributions.** *Check one.*

■ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

**B.** **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

■ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Patriot FCU | 2018 Honda Civic 50.000 miles KBB TI 11,399 KBB PP 14,092 | 0081 |
| Patriot FCU | 2006 Dodge Ram 158.000 miles KBB TI $10,811.00 KBB PP $15,041.00 | 9120 |
| Quicken Loans | 3711 Harold Place Greencastle, PA 17225  Franklin County Value based on Equifax ANV Insight electronic evaluation. | 1409 |
| Sheffield Financial | Small Car Trailer | 2133 |

**C.** **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com — Best Case Bankruptcy

■ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

**D.**   **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
  ■ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

    **E.**   **Secured claims for which a § 506 valuation is applicable.** *Check one.*
  ■ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

    **F.**   **Surrender of Collateral.** *Check one.*

  ☐ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

  ■ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| SST/Medalion | Gooseneck Trailer |

    **G.**   **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

  ■ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.**     **PRIORITY CLAIMS.**

    **A.**   **Administrative Claims**

      1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

      2. Attorney's fees. Complete only one of the following options:

        a.   In addition to the retainer of $ **850.00** already paid by the Debtor, the amount of $ **3,150.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b.   $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

      3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
          *Check one of the following two lines.*

  ■ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    **B.**   **Priority Claims (including, certain Domestic Support Obligations)**

  ■ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

    **C.**   **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

  ■ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4.**     **UNSECURED CLAIMS**

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.**
*Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.
☐ entry of discharge.
☐ closing of case.

**7. DISCHARGE: (Check one)**

■ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**

4

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: **June 30, 2020**

/s/ **Michael J. Csonka**
Michael J. Csonka 91232
Attorney for Debtor

/s/ **Shelli Rae Gordon**
Shelli Rae Gordon
Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

5

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy